UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JEREMY VINCENT** | : | **CIVIL ACTION NO. 2:21-CV-512** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **SCC TRANSPORT LLC, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is Motion to Remand filed by plaintiff Jeremy Vincent ("Vincent"). Doc. 5. The motion is opposed by defendant Wesco Insurance Company ("Wesco"). Doc. 7. Vincent has replied to the opposition [doc. 8] and the matter is now ripe for consideration. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated herein, **IT IS RECOMMENDED** that the plaintiff's motion be **DENIED**.

### I.
#### BACKGROUND

Plaintiff originally filed suit in the 14th Judicial District Court, Calcasieu Parish, on May 28, 2020. Named as defendants were Yoldemis Del Valle Batista ("Batista"), SCC Transport LLC ("SCC"), and Wesco. Doc. 1, att. 1. Plaintiff alleges that Batista caused him damages and injuries when the trailer of the tractor driven by Batista collided with plaintiff's vehicle. Plaintiff alleges that the tractor-trailer is owned by SCC and that Wesco is the insurer of SCC and its employees. Doc. 1, att. 1. In his complaint, plaintiff states that he has "suffered injuries and damages,

including, but not limited to, radiating neck pain, hand pain and numbness, back pain, hernia and headaches." Doc 1, att. 1, p. 2. He seeks damages for "past, present and future medical expenses, mental anguish, past, present and future mental and physical pain and suffering, disability, past, present and future loss of earnings, loss of future earning capacity, and past, present and future loss of enjoyment of life." *Id*. In his state court petition, he states that his damages do not exceed the jurisdictional amount necessary for a trial by jury, which at the time of filing was $50,000.[1] Doc. 1, att. 1, p. 3.

In November of 2020, plaintiff forwarded initial medical records to defendant. Doc. 5, att. 2. In accompanying correspondence, plaintiff's counsel disclosed that: (1) Vincent was continuing to suffer from cervical and lumbar spine pain; (2) he would continue to undergo epidural steroid injections; (3) his left trigger thumb pain would likely warrant ordering additional imaging; (4) he experienced worsening of his inguinal hernia and would have to undergo surgery to repair it; and (5) he has not been able to return to work since the accident. *Id*. at p. 5. According to the medical records attached, $7,157.18 in medical expenses had been incurred as of that time. *Id*. at p. 4.

Defendant subsequently issued discovery requests to plaintiff. Doc. 1, p. 6. Plaintiff provided his responses to these requests on February 2, 2021. Doc. 1, att. 3. In response to an interrogatory requesting that plaintiff state whether the amount of damages exceeds $75,000, plaintiff responded "At this time, plaintiff does not believe his damages exceed $75,000. However, plaintiff is still actively treating." Doc. 1, att. 3, p. 3-4. Plaintiff also included updated medical records along with the responses. Doc. 1, att. 4. The records indicated that plaintiff (1) had recently undergone a lumbar epidural steroid injection; (2) was recommended to undergo a lumbar facet injection; (3) was seeking to relate cervical and lumbar disc pathology to this accident; (4) had

---

[1] *See* La. C.C.P. art. 1732 (amended 2021).

recently undergone a hernia surgery; and (5) that the medical expenses incurred had increased to over $20,000.[2] Doc. 1, att. 4, p. 1, 7, 8, 9.

Pursuant to the information contained in the responses received on February 2, 2021, defendant removed this action on March 1, 2021, based on diversity jurisdiction under 28 U.S.C § 1332, claiming that the amount in controversy exceeds $75,000 and that there is complete diversity among the parties, as plaintiff is a citizen of Louisiana and defendants are citizens of Delaware, New York, and Florida. Doc. 1, p. 4-5.[3]

Plaintiff filed a timely motion to remand. Doc. 5. Plaintiff argues that Wesco's removal is untimely, and that Wesco has failed to show that the amount in controversy has been satisfied. Doc. 5, att. 1, p. 2-3. Specifically, plaintiff alleges that defendant had been on notice that the amount in controversy was satisfied since November of 2020 when it received the initial medical records. He argues that this information triggered the removal period, making Wesco's March 1, 2021 removal untimely. Doc. 5, att. 1, p. 2. Alternatively, plaintiff argues that defendant has not met its burden with respect to the amount in controversy. Plaintiff submits that the value of the case is ambiguous, since "litigation in this case is just beginning," making Wesco's removal "premature and unwarranted." *Id*. at p. 3.

In response, Wesco states that the receipt of the initial medical records in November 2020 did not trigger the removal period because, at that point, plaintiff had incurred only $7,157.18 in

---

[2] We note that defendant has not provided any exhibits or other evidence which show that the medical expenses were in fact in excess of $20,000. However, in his reply, plaintiff states "at the time of removal, Plaintiff had incurred little over $20,000.00 in medical expenses." Doc. 8, p. 2. Thus, this number appears to be undisputed.

[3] At the time the Notice of Removal was filed, Wesco contends that there was no evidence that Batista and SCC had been served properly, so it is Wesco's position that their consent to remove was unnecessary. Certain service information appears in the record [doc. 4, att. 1, p. 37-43], but we are unable to tell from the documents whether these defendants were properly served.  Notably, plaintiff does not address the contentions regarding service or consent in any of its responsive documents and as consent is a procedural defect, plaintiff's failure to raise a consent issue within 30 days of removal means it is now waived. *See* 28 U.S.C. § 1447(c); *Baris v. Sulpicio Lines, Inc.* 932 F.2d 1540, 1545 (5th Cir.1991).

medical expenses and had only undergone conservative treatment. Wesco argues that the limited medical expenses incurred, the limited amount of treatment undergone, and the allegation in plaintiff's petition that his damages did not exceed $50,000, when taken together, could not support removal at that time. Instead, Wesco argues that the proper trigger date is February 2, 2021, when it received plaintiff's discovery responses which indicated that plaintiff had undergone certain additional medical treatment, including hernia surgery, and that the incurred medical expenses had significantly increased since November 2020. *Id*. at p. 2. Wesco contends that these records serve to show that the amount in controversy has been met and that its removal based thereon was timely.

Plaintiff replied to this opposition, reasserting its previous arguments. Doc. 8.

## II.
## LAW AND ANALYSIS

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a) (2013). District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1) (2013). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

### A. *Amount in Controversy*

We consider first plaintiff's argument that the amount in controversy has not been sufficiently established so as to grant this court subject matter jurisdiction, because if the amount in controversy has not been established, consideration of the timeliness issue bears no significance.

Louisiana law forbids plaintiffs in state courts from pleading a specific numerical value of damages. *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir.2000) (citing La. Code Civ.

Proc. Art. 893). Therefore, when a case originally filed in a Louisiana state court is removed to federal court based on diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Id.* (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). A defendant may meet this burden by either: (1) showing that it is facially apparent that the amount in controversy exceeds $75,000.00, or (2) setting forth facts in its removal petition that support a finding of the requisite amount in controversy. *Luckett*, 171 F.3d at 298.

Neither party argues that the state court petition made facially apparent that the amount in controversy exceeds $75,000. To the contrary, plaintiff alleged that: "[a]t this time, his damages do not exceed the jurisdictional amount necessary for a trial by jury," which at the time of filing was $50,000. Thus, defendant "must produce evidence ... that the actual amount in controversy exceeds" $75,000. *De Aguilar*, 47 F.3d at 1412.

Defendant asserts in its Notice of Removal that the amount in controversy is satisfied in light of plaintiff's discovery requests and medical records received on February 2, 2021. In response to an interrogatory requesting that plaintiff state whether the amount of damages exceeds $75,000, plaintiff responded "At this time, plaintiff does not believe his damages exceed $75,000. However, plaintiff is still actively treating." Doc. 1, att. 3, p. 4. This indicates that plaintiff is seeking continuing and future damages. Medical records included with the discovery responses indicated that plaintiff is seeking to relate cervical and lumbar disc pathology to this accident. Plaintiff had also recently undergone a lumbar epidural steroid injection and was recommended to undergo a lumbar facet injection. Additionally, plaintiff had recently undergone a hernia surgery, which according to the discovery responses, he is also seeking to relate to the subject accident.

The medical expenses incurred amounted to over $20,000. Doc. 1, att. 4, p. 1, 7, 8, 9. Plaintiff is seeking awards for several categories of future damages. Doc 1, att. 1, p. 2.

Wesco also cites damage awards from several cases in support of his contention that, "General damages for Plaintiffs claimed injuries to his spine alone, in light of the medical treatment undergone to date and even without consideration of any future treatment can be sufficient to satisfy the jurisdictional requirement for removal." *Id. See Hebert v. Boesch*, 194 So. 3d 798 (La. App. 1 Cir. 2016) (affirming general damages award of $ 75,000 where plaintiff was involved in rear-end automobile accident in which he sustained injuries to his neck, back, shoulders, chest, and shins, and where MRI scans revealed two disc bulges, and plaintiff received conservative treatment); *Sanchez v. Dubuc*, 110 So.3d 1140 (La. App. 5 Cir. 2013); (no abuse of discretion in award of $47,462.00 for non-surgical herniated lumbar disc). These damage awards, combined with plaintiff's claimed special damages, show that the amount in controversy at the time of removal exceeded $75,000. The fact that plaintiff is continuing to undergo treatment is further evidence thereof. Accordingly, we find that Wesco has carried its burden of establishing the requisite amount in controversy by a preponderance of the evidence.

We note that, in his reply, plaintiff submits that if the case is removed, defendant will nonetheless argue that the case is not worth $75,000 or dispute causation regarding certain injuries alleged and the accident at issue. Plaintiff is reminded that "[t]he required 'demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks.'" *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (quoting *Berniard v. Dow Chem. Co.*, 481 Fed.Appx. 859, 862 (5th Cir. 2010)).

### B. Timeliness of Removal

Having determined the amount in controversy is satisfied, we next consider whether defendant's filing of the Notice of Removal complied with the timing requirements of 28 U.S.C. § 1446.

Under 28 U.S.C. § 1446(b), the notice of removal generally must be filed within 30 days of defendant's receipt of the complaint. When the initial pleadings do not provide grounds for removal, defendants may remove the action "within 30 days after receipt ... of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "[T]he information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir.2002). The parties disagree as to which "other paper" triggered the thirty-day removal period in this case.

Plaintiff contends that notice of the case's alleged removability should have come from the issuance of medical records to defendant in November 2020, making the March 1, 2021 notice of removal untimely. Doc. 5, att. 1, p. 2. Defendant contends that it could not ascertain that the case was removable until receipt of plaintiff's discovery responses and updated medical records in February 2021. It submits that removal was timely because the case was removed to this court on March 1, 2021, which was within the thirty-day time limit.

While the November records did indicate that Vincent would undergo more medical treatment, none of the documents refer to the cost of such treatment. An "other paper" which requires a defendant's "independent research in order to ascertain the amount in controversy," is not "unequivocally clear and certain." *Cole ex rel. Ellis v. Knowledge Learning Corp*., 416 F.

App'x. 437, 440 (5th Cir. 2011) (unpubl.). Further, other courts have noted that an "other paper" is not "clear and unequivocal" if determining the amount in controversy requires a defendant to conduct additional investigation, dissect medical records, or examine previous jury awards. *See Elkins v. Bradshaw*, 2019 WL 2096126, at *4, (M.D. La. 2019) ("[I]f a defendant has to analyze and dissect medical treatment records to divine whether the nature and cause of a plaintiff's injuries satisfy the amount in controversy requirement, then those papers do not suffice to trigger the 30 day time period."); *Chandler v. Ruston Louisiana Hospital Co., LLC*, 2014 WL 1096365, at *5 (W.D. La. 2014) (a defendant need not "analyze and dissect medical treatment records" to determine the amount disputed); *Smith v. Wal-Mart Louisiana, LLC*, 2013 WL 4781778 (W.D. La. 2013) (finding that recommendation for cervical disc surgery, in the absence of a specific damages estimate, did not trigger second 30-day removal period).

The plaintiff's initial records and accompanying letter indicate only that surgery and additional treatment were contemplated and fail to provide any further information to set forth the grounds for removal, such as certainty of the occurrence of the procedures or estimated cost thereof. Additionally, at this point, the amount of treatment undergone was limited, as were the medical expenses incurred. Thus, it was not "unequivocally clear or certain" that the grounds for removal existed at the time the first set of medical records [doc. 5, att. 2-3] were received. *See Bosky v. Kroger Tex., LP*, 288 F.3d at 211.

Instead, we find that the discovery responses and additional medical records triggered the thirty-day time period in which defendant could remove the case to federal court. While the discovery responses did state that the amount of damages did not exceed $75,000 at that time, the response also indicated that the plaintiff was still actively treating. It only became "unequivocally clear and certain" that the case was removable after defendant discovered that plaintiff underwent

the surgery and ESI and was continuing to undergo more treatment. The records received on February 1, 2021 were the first to indicate that the surgery and ESI had occurred. Defendant removed the case to this court on March 1, 2021, within thirty days of receipt of the responses and records. Removal is therefore timely.

Based on the totality of the record, Wesco has shown that removal was timely and federal jurisdiction exists. Because we have found removal to be proper, plaintiff's request for attorney fees and costs [doc. 5, p. 2] should also be denied.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Remand (Doc. 5) be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 8th day of February, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE